IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LANDON M. BRYANT                                                                                       PLAINTIFF

v.                               Civil No. 5:21-cv-05047

SHERIFF TIM HELDER; and
CORPORAL ROBERT RAINES                                                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Landon M. Bryant ("Bryant") pursuant to 42 U.S.C. § 1983. Bryant proceeds *pro se* and *in forma pauperis*. Currently before the Court is the Motion to Dismiss (ECF No. 9) filed by Separate Defendant Corporal Robert Raines. Bryant has responded (ECF No. 13) to the Motion.[1] Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

**I.   BACKGROUND**

Corporal Raines is mentioned only in claim number two of the Complaint (ECF No. 1). Bryant alleges that Corporal Raines violated his federal constitutional rights on February 21, 2021, when Corporal Raines "wouldn't give me [the] address to file 1983 for claim #1." *Id.* at 5. Claim number one is asserted against Sheriff Helder and concerns the Covid-19 precautions, or lack thereof, at the detention center. *Id.* at 4-5.

Bryant alleges that Corporal Raines advised him that the address was on the kiosk. (ECF No. 1 at 5). According to Bryant, even the inmates knew the address was not available on the

---

[1] Bryant entitled his Response (ECF No. 13) as a motion to continue the case. Bryant filed a second response (ECF No. 14) as to the claim asserted against Sheriff Helder. However, no motion to dismiss has been filed by Sheriff Helder.

1

kiosk. *Id.* Given this, Bryant asked "[h]ow can a person employed at [the Washington County Detention Center] not know this?" *Id.*

Bryant has sued Raines in both his individual and official capacities. (ECF No. 1 at 5). On his official capacity claim, when asked to describe the custom or policy Bryant believed caused the violation of his constitutional rights, he merely responded that Corporal Raines gave him "false information so that [he] couldn't file a [§] 1983." *Id.* at 6.

Corporal Raines has now moved to dismiss the claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Corporal Raines maintains no denial of access to the courts claim has been stated because no actual injury exists. Further, he argues that no official capacity claim has been stated as no custom or policy of Washington County has been described by Bryant.

## II. APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (cleaned up)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III.  DISCUSSION

The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  As a general principle, "[t]o prove a violation of the right of meaningful access to the courts, a prisoner must establish that the [county] has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."  *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).  To establish such hindrance, there must be some evidence that conduct by prison officials adversely affected the outcome of a prisoner's litigation. *See Entzi v. Redmann,* 485 F.3d 998, 1005 (8th Cir. 2007).

While Bryant contends that on February 21, 2021, Corporal Raines failed to provide the address at which to file this § 1983 action, Bryant in fact filed this case on March 10, 2021.  Bryant does not allege that he suffered any legal injury as a result of Corporal Raines' conduct.

No plausible denial of access to the courts claim has been stated.  While Bryant has alleged the address was not available to him on the kiosk, it is clear that Bryant was able to gain access to the correct address.  Bryant has not alleged the existence of any actual injury.  This is fatal to his claim against Corporal Raines.

Bryant has also asserted an official capacity claim.  An official capacity claim is considered a claim against the employing governmental entity, here, Washington County. *Crawford v. Van Buren Cnty.*, 678 F.3d 666, 669 (8th Cir. 2012).  "Section 1983 liability for a

3

constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence, Mo.,* 829 F.3d 695, 699 (8th Cir. 2016)(citations omitted). Bryant's allegations that he was merely provided false information on one occasion are insufficient to provide any basis of liability against Washington County.

## IV. CONCLUSION

For these reasons, it is recommended that the Motion to Dismiss (ECF No. 9) be **GRANTED** and all claims against Corporal Raines be dismissed.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of April 2021.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE